IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTWONIQUE McKENZIE,<br>Plaintiff | §<br>§<br>§ | |
| | § | CASE NO. 5:19-cv-749 |
| v. | §<br>§<br>§ | |
| STAR SHUTTLE, INC.<br>Defendant | §<br>§<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

This suit is brought by Antwonique McKenzie. She seeks surcharge relief from Star Shuttle Inc. in the amount of $80,000 as a result of Star Shuttle's breach of fiduciary duty, actionable under the 29 U.S.C. §1132(a)(3) of the Employee Retirement Income Security Act of 1974 (ERISA).

### I. PARTIES

1. Plaintiff Antwonique McKenzie is a resident of Bexar County, Texas.

2. Defendant Star Shuttle, Inc. is a transportation company located in San Antonio, Texas and is the plan sponsor and administrator of the Star Shuttle Employee Welfare Plan (Plan) providing group life insurance plan benefits offered to Star Shuttle employees. Star Shuttle can be served with citation by serving its

registered agent for service of legal process John P. Walker, 1343 Hallmark Dr., San Antonio, Texas 78216.

## II. JURISDICTION AND VENUE

3.     This lawsuit is a claim of breach of fiduciary duty by Star Shuttle brought under the authority of 29 U.S.C. §1132(a)(3) of ERISA. This court has jurisdiction over this claim under 29 U.S.C. §1132(e)(1) of ERISA. Venue is proper in the Western District of Texas, San Antonio Division, in accordance with 29 U.S.C. §1132(e)(2) as both the Plaintiff and Defendant are located in San Antonio, Bexar County, Texas, and the breach of fiduciary duty occurred in San Antonio, Bexar County, Texas.

## III. STANDING

4. Plaintff Antwonique McKenzie has standing to bring this lawsuit for breach of fiduciary duty under 29 U.S.C. §1132(a)(3) of ERISA since she is a beneficiary as defined by §1002(8) of ERISA. The term "beneficiary" is defined as a "person designated by a plan participant." On the online enrollment system established by Star Shuttle, Antwonique McKenzie was the person designated by her father, Plan participant Aaron McKenzie, as sole beneficiary of the policy.

## IV. STATEMENT OF FACTS

5. Antwonique McKenzie is the daughter of Aaron McKenzie. Aaron was a driver for Star Shuttle Inc. until his death on January 22, 2017. By virtue of his employment with Star Shuttle, Aaron was a participant in the Plan providing voluntary group term life and accident death and dismemberment benefits to its

employees. Under the Plan, Aaron elected to purchase life insurance with a death benefit of $80,000. He paid the premiums for the policy by payroll deductions. The Plan was funded by an insurance policy underwritten by Dearborn National Life Insurance Company. The Plan is an ERISA plan. The Plan's administrator and sponsor is Star Shuttle. The Plan's claims administrator is Dearborn.

6. As Plan Administrator, Star Shuttle retained and exercised discretionary authority in designing and managing the Plan. This discretionary authority included setting up and remaining responsible for the manner in which participants would enroll for benefits under the Plan and designate their beneficiaries. Exercising this discretionary authority to design and manage the enrollment and the designation of beneficiaries for its employees, Star Shuttle was a plan fiduciary as that term is defined in 29 U.S.C. 1002(21)(A) of ERISA. Star Shuttle, acting as Plan Administrator, contracted with Sun Life Financial to aid with the Plan participant's online enrollment.

7. Aaron McKenzie intended to make his daughter Antwonique McKenzie the sole beneficiary of his life insurance policy. Acting in its capacity as Plan Administrator, Star Shuttle, or Sun Life, acting at its direction, set up an online enrollment station where Aaron McKenzie designated his daughter his sole beneficiary of his life insurance policy. He received confirmation from Star Shuttle that his daughter was his sole beneficiary.

8. After Aaron McKenzie died, Antwonique McKenzie made a claim with Dearborn for the $80,000 in life insurance benefits. Aaron McKenzie's wife,

Tressa McKenzie, made a competing claim for life insurance benefits.[1] As a result of the competing claims, underwriter Dearborn interpled the funds, less its attorney's fees, into the registry of this Court in case number SA-17-CA-232. After Dearborn was dismissed, the case was styled *Antwonique McKenzie v. Tressa McKenzie.*

9. The Court found that according to Star Shuttle's records Antwonique McKenzie was the "designated beneficiary under the policy" by virtue of a "spreadsheet entry in Star Shuttle's records." There was no paper form signed by Aaron McKenzie designating his daughter as beneficiary because Star Shuttle, as Plan Administrator, designed the enrollment and beneficiary designation process as an online process. Participants received confirmation of their beneficiary designations online, leading them to conclude that they had completed the process correctly and that their intentions would be followed, i.e. that they had completed the process in a manner acceptable to Dearborn.

10. The Court ruled in favor of Tressa McKenzie because Aaron McKenzie's designation of his daughter had not been completed on a form acceptable to Dearborn. Further, the Court found that there was no spousal waiver form signed by Tressa McKenzie.

---

[1] Antwonique McKenzie is Aaron McKenzie's daughter from a previous marriage.

## V.  CAUSE OF ACTION UNDER ERISA

### Cause of Action Against Star Shuttle for Breach
### of Fiduciary Duty Under 29 U.S.C. §1132(a)(3)

11. Star Shuttle had a fiduciary duty to Plan participants and the discretionary authority as Plan Administrator to design and manage the Plan to ensure that a participant's intentions would be fulfilled, especially in regards to the most important aspect of life insurance: the designation of the participant's beneficiary or beneficiaries.  Further, Star Shuttle had a fiduciary duty to plan participants to accurately represent to them whether or not Plan participants had completed their beneficiary designations correctly so that their designated beneficiaries would receive the benefits that they intended them to receive.

12. As evidenced by the result of *Antwonique McKenzie v. Tressa McKenzie,* Star Shuttle breached its fiduciary duty to Aaron McKenzie and his intended beneficiary Antwonique McKenzie by failing to make sure that the proper instructions and forms were made available to participants during the enrollment process so that a participant's intended beneficiary designations could be completed in a form satisfactory to the underwriter Dearborn.  In addition, Star Shuttle breached its fiduciary duty by misrepresenting to Aaron McKenzie that his daughter Antwonique was his designated beneficiary.  Aaron McKenzie relied upon this misrepresentation to his detriment and his daughter's detriment.

13. McKenzie's loss was the direct result of Star Shuttle's failure to design and manage the Plan in such a way that forms acceptable to Dearborn were

provided to Plan participants. Her loss was also the direct result of Star Shuttle's misrepresentation to Aaron McKenzie that his properly designated beneficiary was Antwonique McKenzie. Aaron clearly intended that his daughter Antwonique be the beneficiary of the policy and receive the death benefit of $80,000. He relied upon Star Shuttle's misrepresentation that his daughter was his beneficiary, to his and his daughter's detriment.

14. This breach of fiduciary duty by Star Shuttle damaged Aaron McKenzie's intended beneficiary, Antwonique McKenzie, in the amount of $80,000, the death benefit of the Dearborn policy.

## V.  RELIEF REQUESTED

15. Antwonique McKenzie requests surcharge relief in the amount of $80,000 from Star Shuttle due to Star Shuttle's breach of its fiduciary duties as Plan Administrator of the Plan.

## VI.  ATTORNEY'S FEES

16. McKenzie request her reasonable attorney's fees and costs under 29 U.S.C.A. 1132(g).

## CONCLUSION

Wherefore, premises considered, McKenzie requests that she recover $80,000 as surcharge relief against Star Shuttle. While acting as Plan Administrator and Plan fiduciary, Star Shuttle breached its fiduciary duty to Aaron McKenzie and to his daughter, intended beneficiary Antwonique McKenzie, by failing to manage and design the Plan in such a manner that forms acceptable to

Dearborn were provided to Plan participant Aaron McKenzie for his completion. Star Shuttle also breached its fiduciary duty by misrepresenting to Aaron McKenzie that he had properly designated his daughter Antwonique McKenzie as his beneficiary.  Had the Plan been managed and designed properly, and had the misrepresentation not occurred, Aaron McKenzie would have designated his daughter Antwonique McKenzie as his beneficiary in a form acceptable to Dearborn and would have obtained any necessary spousal waiver.   McKenzie also request her attorney's fees, pre-judgment interest at the maximum rate allowed by law, post-judgment interest, and for such other and further relief, both at law and in equity, to which she may show itself to be justly entitled.

Respectfully Submitted,

**Law Office of Jeffrey E. Dahl**
The Travis Building
405 N. St. Mary's Street, Suite 242
San Antonio, Texas  78205
(210) 527-0900 (Telephone)
(210) 527-0901 (Facsimile)
jdahl@erisaattorneyintexas.com

By:   /s/ Jeffrey E. Dahl
**Jeffrey E. Dahl**
**State Bar No. 05310900**
**Attorney for Plaintiff Antwonique McKenzie**