UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ANTWONIQUE MCKENZIE,

Plaintiff,

v.  No. 5:19-cv-749-JKP

STAR SHUTTLE, INC.,

Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is *Plaintiff's Motion for Alternative Service on John P. Walker, Registered Agent for Defendant Star Shuttle, Inc.* (ECF No. 5). Having considered the motion, the exhibits filed in support thereof, and the applicable legal authorities, the Court grants the motion.

Plaintiff moves this Court for an order allowing service of process to be made on Defendant Star Shuttle, Inc. by allowing a process server to serve the summons and complaint upon anyone over sixteen years of age at 1343 Hallmark Dr., San Antonio, Texas 78216, the registered address of the registered agent for Star Shuttle Inc., or, by allowing the process server to put the summons and complaint in an envelope and affix it to the door of 1343 Hallmark Dr., San Antonio, Texas 78216 ("1343 Hallmark"). ECF No. 5 at 3.

Plaintiff's motion avers that the Texas Secretary of State database indicates that John P. Walker is the registered agent for Star Shuttle, Inc., and his address for service as registered agent is the same as the corporate address of Star Shuttle, Inc., to wit: 1343 Hallmark. *Id.* at 1. Plaintiff also avers that on June 26th, 2019, counsel mailed a notice of lawsuit and request for waiver of service of summons, two waivers of service of summons, and a copy of the filed complaint to Walker at 1343 Hallmark and received no response. *Id.* Plaintiff further avers that during nine

unsuccessful service attempts, Alexander Duaine, a certified process server, confirmed that Walker offices at 1343 Hallmark by speaking with office personnel who work with Walker, including Walker's son. *Id.* at 2.

In support of his motion, Plaintiff submits:

(1) A printed page purporting to be a search result from the Texas Secretary of State website showing John P. Walker as the registered agent of Star Shuttle, Inc. The address for Walker is shown as 1343 Hallmark. ECF No. 5-1 at 2.

(2) A "Notice of Lawsuit and Request for Waiver of Service of Summons" addressed to Walker at 1343 Hallmark and signed by Jeffrey E. Dahl on June 26, 2019, and a "Waiver of Service of Summons" addressed to Dahl's law office with a blank signature line labeled "On behalf of Star Shuttle." ECF No. 5-2.

(3) The affidavit of certified process server Alexander Duaine in which Duaine states, in relevant part, that he "[a]ttempted service at 1343 Hallmark" on July 31, 2019; August 6, 7, 9, 13, 17, and 22, 2019; and September 4 and 6, 2019. ECF No. 5-3 at 2-3. Duaine also states that office staff at 1343 Hallmark alleged that "registered agent John Walker is not [in the] office today" (July 31, 2019); "was not in the office at all today" (August 6, 2019); "John Walker is not in the office today" (August 7, 2019); "she will call me next time Mr. Walker is in the office" (August 9, 2019); that the business was closed on August 17, 2019; and on August 13, September 4 and 6, 2019, staff again informed Duaine that Walker was not in the office. *Id.* Duaine further states his belief that Mr. Walker's "staff often seems to be covering for him reneging on commitments of calling me or letting me know when he might be available." *Id.* at 2.

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that a defendant may be served in a judicial district of the United States by "following state law for serving a summons in

an action brought in courts of general jurisdiction in the state where the district court is located . . . ."[1] Rule 106(a) of the Texas Rules of Civil Procedure authorizes service of process by "(1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Under Rule 106(b), a court may authorize substitute methods of service upon a showing that service by personal delivery or by certified mail was unsuccessful. Rule 106(b) states:

> Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service
>
> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or
>
> (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106(b).

Substituted service exists to allow plaintiffs to effect service where proof of actual notice under Rule 106(a) is impractical. *See Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1992). A court may authorize substituted service pursuant to Rule 106(b) only if the plaintiff's supporting affidavit strictly complies with the requirements of the rule. *Id.*; *Fin. Fed. Credit. Inc. v. Constr. Cans, Inc.*, No. H-09-00801, 2010 WL 231754, at *2 (S.D. Tex. Jan. 20, 2010). The affidavit must state: "(1) the location of the defendant's usual place of business or usual place of abode or other place where he can probably be found and (2) the specific *facts* showing that service had been

---

[1] Rule 4(h)(1) of the Federal Rules of Civil Procedure provides that service of a corporation may be executed in the manner prescribed by Rule 4(e)(1) for serving an individual or by delivering a copy of the summons and complaint to an officer, a managing or general agent, or "any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."

3

attempted without success under either subsection of Rule 106(a) at the location mentioned in the affidavit." *In re J.M.I.*, 223 S.W.3d 742, 744 (Tex. App.—Amarillo 2007, no pet.) (citing TEX. R. CIV. P. 106(b)) (emphasis in original); *accord Farrar v. Fed. Credit Corp.*, No. 4:10-CV-952-A, 2011 WL 2185726, at *2 (N.D. Tex. June 3, 2011).

Here, Plaintiff's exhibits show that Walker is the registered agent for Defendant Star Shuttle, Inc. ECF Nos. 5-1, 5-3. Plaintiff's motion avers that the address for service of Star Shuttle's registered agent is the same as the corporate address of Star Shuttle, Inc., to wit: 1343 Hallmark. ECF No. 5 at 1. The affidavit of process server Duaine shows that personal service of Walker at 1343 Hallmark was attempted nine times and that during the time period from July 31, 2019 to September 6, 2019, Duaine ascertained from office staff and Walker's son that Walker offices at 1343 Hallmark. ECF No. 5-3 at 2. Duaine's affidavit further states his belief that "Walker has instructed his staff to avoid service at all costs." *Id.*

Based on the foregoing, the Court finds that service is unlikely to be effective if executed solely in accordance with Rule 106(b)(1).[2] The Court will therefore order service in a manner that the record indicates will be reasonably effective to give Defendant Star Shuttle, Inc. notice of the suit. *See* TEX. R. CIV. P. 106(b)(2); *Evergreen Nat'l Indem. Co. v. Herndon*, No. 3:07-CV-0184-B, 2007 WL 2827978, at *1 (N.D. Tex. 2007) (service allowed by posting summons and complaint to the front gate of defendant's residence after attempting personal service multiple times); *La Cantera Dev. Co. v. W. Rim Prop. Servs.*, No. SA-09-CV-691-XR, 2010 WL 417409, at *4 (W.D. Tex. Jan. 29, 2010) (service allowed by posting summons and complaint to the front door of defendants' headquarters after attempting service multiple times and being told the registered agent wasn't in the office and that the defendants would not accept service from private process

---

[2] That is, by leaving a copy of the summons and complaint "with anyone over sixteen years of age at the location specified." TEX. R. CIV. P. 106(b)(1).

servers); *Smith v. N. Tex. Maint., Inc.*, No. 4:17-CV-641-ALM-KPJ, 2017 WL 6729892, at *3 (E.D. Tex. Dec. 29, 2017) (after multiple failed attempts at in-person service, service allowed by posting the summons and complaint to front entrance of defendant's corporate address of record and contemporaneously mailing summons and complaint to the same).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Alternative Service on John P. Walker, Registered Agent for Defendant Star Shuttle, Inc. (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that John P. Walker, Registered Agent for Defendant Star Shuttle, Inc. may be served by any person who is at least eighteen years old and not a party to the suit, pursuant to Federal Rule of Civil Procedure 4(c)(2), with service of process in this case by:

(a) affixing the summons and complaint, together with a copy of this Order, to the front entrance of 1343 Hallmark Dr., San Antonio, Texas 78216; OR

(b) mailing copies of the summons and complaint, together with a copy of this Order, by certified mail, return receipt requested, addressed to John P. Walker, as Defendant's registered agent, at his address of record with the Texas Secretary of State, 1343 Hallmark Dr., San Antonio, Texas 78216.

**IT IS FURTHER ORDERED** that the foregoing substitute service methods shall not be considered exclusive and that service of a copy of the summons and complaint may be executed by other means authorized by Rule 4 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiff **SHALL FILE** proof of service within twenty-one days of the entry of this Order.

**IT IS SO ORDERED** this 18th day of September, 2019.

*[signature]*
JASON K. PULLIAM
UNITED STATES DISTRICT JUDGE